UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-421-RJC
(3:07-cr-94-RJC-1)

| | |
|---|---|
| JOHN LYNN LATTAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon the Government's motion to stay disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 3). Petitioner is represented by the Federal Defenders of Western North Carolina. Counsel does not object to the Government's Motion. (Id. at 3).

On August 15, 2007, Lattaker pled guilty to two counts of Hobbs Act robbery (counts one and four), possession of a firearm during and in relation to a crime of violence (count five), and possession of a firearm by a felon (count ten). The presentence report ("PSR") found that Lattaker had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: (1) a 1996 Maryland conviction for robbery; and (2) a 1996 New York conviction for attempted robbery in the first degree. See Revised PSR ¶¶ 43, 47, 54, 61, Case No. 3:07-cr-94-RJC-1 (W.D.N.C. filed Mar. 24, 2008), Doc. No. 30.

Based on the career-offender enhancement, Lattaker faced a guidelines range of 292 to 365 months imprisonment. Revised PSR at ¶ 118. On May 29, 2008, this Court imposed a sentence of 240 months on counts one and four, a consecutive 36 month sentence on count 10, and a consecutive 84-month sentence on count five, for a total sentence of 360 months.

1

On June 20, 2016, Lattaker commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). He challenges his § 924(c) conviction and sentence, arguing that his predicate offense of Hobbs Act robbery does not qualify as a "crime of violence" in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process, but the decision did not address the residual clause under § 924(c). See id. at 2563. Lattaker also challenges his designation as a career offender under the Sentencing Guidelines, arguing that his prior state convictions do not meet the definition of "crime of violence" under Johnson.

The Government has filed the instant Motion to hold this action in abeyance pending decisions by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433, and United States v. Simms, Fourth Circuit Case No. 15-4640.[1] (Doc. No. 3). In those cases, the Fourth Circuit is considering whether Johnson renders the residual clause of § 924(c) unconstitutionally vague. Both cases also involve Hobbs Act robbery convictions.

The issues to be decided in Ali and/or Simmons may be dispositive of Petitioner's claims for relief under Johnson. In light of these factors, and in the absence of opposition from Lattaker, the Court finds it is in the interest of judicial economy to grant the Government's Motion to hold this action in abeyance.

**IT IS, THEREFORE, ORDERED** that the Government's motion to hold Lattaker's §

---

[1] The Government also moved to hold this action in abeyance pending the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). (Doc. No. 3). The Court issued its decision in Beckles on March 6, 2017, rendering the Government's request moot.

2255 Motion to Vacate in abeyance (Doc. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Fourth Circuit's decisions in <u>United States v. Ali</u>, No. 15-4433 and/or <u>United States v. Simms</u>, Fourth Circuit Case No. 15-4640. The Government shall have 60 days from the date of either of these two decisions to file an answer, motion, or other response to Lattaker's § 2255 Motion to Vacate.

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge