UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-421-RJC
(3:07-cr-94-RJC-1)

| | | |
|---|---|---|
| JOHN LYNN LATTAKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), and on the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7).

**I. BACKGROUND**

Petitioner pled guilty in the underlying criminal case to one count of Hobbs Act robbery (18 U.S.C. § 1951), possession of a firearm during and in relation to a crime of violence, i.e., Hobbs Act robbery (18 U.S.C. § 924(c)(1)), and possession of a firearm by a felon (18 U.S.C. § 922(g)). (3:07-cr-94, Doc. Nos. 1, 32).

The Presentence Investigation Report calculated the offense level as 32 because Petitioner is a career offender, having prior convictions for robbery and first-degree attempted robbery, and because the instant offense, Hobby Act robbery. (Id., Doc. No. 30 at ¶ 43). Two levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. (Id., Doc. No. 30 at ¶¶ 44-45). Petitioner has 24 criminal history points and two points were added because Petitioner was on probation at the time of the instant offense, resulting in a criminal history category of VI,

1

and the criminal history category for career offenders is also VI. (Id., Doc. No. 30 at ¶¶ 71-73). The resulting guidelines range was 292 to 365 months' imprisonment. (Id., Doc. No. 30 at ¶ 118).

The Court accepted the PSR without change and sentenced Petitioner to a total sentence of 360 months' imprisonment consisting of 240 months for the Hobbs Act robbery and weapon possession, and a consecutive 84-month sentence for the § 924(c) violation. (Id., Doc. No. 32). Counsel filed a memorandum brief on direct appeal. The Fourth Circuit affirmed, finding that Petitioner's plea was knowing and voluntary and that the sentence was reasonable. United States v. Lattaker, 2009 WL 82714 (4th Cir. 2009).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 20, 2016. (Doc. No. 1). He argues that his career offender enhancement and § 924(c) conviction are invalid in light of Johnson, because: (1) his prior convictions are not crimes of violence under the career offender guideline; (2) the predicate offense of Hobbs Act robbery is not a crime of violence under the career offender guideline; and (3) Hobbs Act robbery is not a crime of violence for purposes of the § 924(c) conviction.

This case was stayed for several years during the pendency of United States v. Ali, 15-4433, United States v. Simms, 15-4640, and United States v. Davis, No. 18-431. (Doc. Nos. 4, 6).

On August 23, 2019, the Government filed a Motion to Dismiss the § 2255 Motion to Vacate, (Doc. No. 7), arguing that Petitioner's claims are waived, procedurally barred, and foreclosed by precedent. Petitioner has not filed a Response and the time to do so has now expired.

**II.     SECTION 2255 STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**(1) Waiver**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

3

Petitioner's knowing and voluntary plea waived all non-jurisdictional defects. No error, such as sentencing beyond the statutory maximum, occurred that would warrant setting aside the waiver. See Section (3), *infra*. Petitioner's post-conviction challenges are therefore waived.

**(2)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray, 477 U.S. at 488; Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner did not raise the present claims on direct appeal. He cannot demonstrate any exception to avoid the procedural default by showing cause, prejudice, or actual innocence. See

Section (3), *infra*. His claims are therefore procedurally defaulted from collateral review and are subject to dismissal.

**(3)** **Merits**

Even if the instant claims were not waived and procedurally defaulted, they would fail on the merits.

Petitioner contends that he was improperly sentenced as a career offender and that his and § 924(c) conviction is invalid because his predicate offense of Hobbs Act robbery no longer qualifies as a crime of violence.

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016).

Petitioner's attempt to extend Johnson to his career offender sentence is squarely foreclosed by precedent because the United States Supreme Court has held that "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Petitioner's challenge to his § 924(c) conviction is also foreclosed by precedent. Although the Supreme Court recently held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, Davis, 139 S.Ct. 2319 (2019), that holding does not affect Petitioner's conviction because "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

Therefore, the Government's Motion to Dismiss will be granted and Petitioner's § 2255 Motion to Vacate will be denied.

## IV.     CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion to Vacate and will grant the Government's Motion to Dismiss.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7), is **GRANTED.**

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 18, 2019

Robert J. Conrad, Jr.
United States District Judge